## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOHN HOLMES, JR.,

      Plaintiff,

v.                                                    Case No. 8:23-cv-1380-TPB-SPF

CITY OF CLEARWATER, et al.,

      Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT; and

### ORDER DENYING AS MOOT PLAINTIFF'S "MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT"

This matter is before the Court on "Defendants' Motion to Dismiss Second Amended Complaint and Incorporated Legal Memorandum," filed on February 1, 2024. (Doc. 29). On February 7, 2024, Plaintiff John Holmes, Jr. filed a response in opposition to the motion, along with an affidavit and memorandum. (Docs. 30; 31; 32). On the same day, Plaintiff also filed a motion seeking leave to file a third amended complaint, along with a supporting memorandum. (Docs. 33; 34). After reviewing the motions, response, court file, and the record, the Court finds as follows:

## Background[1]

According to Plaintiff John Holmes, he was illegally arrested by officers with the Clearwater Police Department on several occasions.  Plaintiff claims that on October 14, 2020, Officer Shante Dean arrested him for possession of cocaine, but the charge was subsequently dismissed by the State Attorney's Office.  He claims that on November 21, 2020, Officer Christian Zarra arrested him for possession of cocaine, but that charge was also dismissed by the State Attorney's Office.  Finally, Plaintiff alleges that on August 22, 2020, Officer Jason Lambe arrested him for child neglect and grand theft motor vehicle, but those charges were also dismissed by the State Attorney's Office.

In his fourteen-count complaint, Plaintiff sues the City of Clearwater under 28 U.S.C. § 1983 for alleged constitutional violations.  He also sues Officer Dean, Officer Zarra, Officer Lambe, and Mayor Frank Hibbard in their individual capacities based on their roles in the events.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").  The Court is not required to accept as true any legal conclusions couched as factual allegations.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## <u>Analysis</u>

Defendants seek to dismiss Plaintiff's second amended complaint as a shotgun pleading and for failure to state a claim. Although Defendants seek dismissal with prejudice, the Court will grant leave to amend as to most of Plaintiff's claims, as explained below. Plaintiff is advised, however, that the Court is not likely to permit further amendment.

***Shotgun Pleading***

Defendants first argue that the second amended complaint constitutes a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings, including:

(1)   complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2)   complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3)   complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4)   complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Plaintiff's second amended complaint commits the "sin" of not separating each cause of action or claim for relief into a different count. For instance, Plaintiff asserts false arrest claims in Count I against the City of Clearwater, Christian Zarra (in his individual capacity), Jason Lambe (in his individual capacity), and Shante Dean (in his

individual capacity).  According to the facts, which were not specifically incorporated into this count, the arrest conducted by Officer Dean occurred on October 14, 2020; the arrest by Officer Zarra on November 21, 2020; and the arrest by Officer Lambe on August 22, 2021.  Each of these arrests was based on separate conduct and resulted in different charges.  Other counts, such as Count II, contain the same defect – claims about three distinct arrests, conducted by three different officers, are mixed into the same count of the complaint.  This improper mixing of claims makes it difficult for Defendants to respond appropriately and present defenses, and for the Court to appropriately adjudicate this case.  In any amended complaint, Plaintiff should separate out his claims related to the different arrests into separate counts against each defendant.

In addition, in several of his counts, Plaintiff combines *Monell*[2] claims against the City with claims seeking to impose liability on the individual officers and the mayor. Because the pleading requirements are different for *Monell* claims and § 1983 claims against individuals, and because there are different defenses available, the Court will require any future amended complaint to separate *Monell* claims into distinct counts.

Because the second amended complaint constitutes a shotgun pleading, it is dismissed.  In an abundance of caution, the Court will grant leave to amend.

### *Failure to State a Claim*

#### <u>*Monell* Claims Against City</u>

Plaintiff asserts several § 1983 claims against the City – false arrest (Count I), false imprisonment (Count II), negligent retention (Count III), malicious prosecution (Count IV), "reckless indifference" (Count V), negligent supervision (Count VI), excessive force

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

(Count VII), violation of § 838.022(a), *F.S.* (Count VIII), intentional infliction of emotional distress (Count IX), deliberate indifference (Count X), ratification (Count XI), "*Monell* claim" (Count XII), harassment (Count XIII), and failure to train (Count XIV).  He generally alleges that the City has a "custom" or "policy" of arresting Plaintiff for possession of illegal substances without finding substances on his person, and that the City is "the moving force" behind these constitutional violations.

Under *Monell*, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief . . . pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690-91.  Municipalities can only be held liable, however, where "action pursuant to official municipal policy of some nature caused a constitutional tort;" a city cannot be liable under § 1983 on a respondeat superior theory because it employs a tortfeasor.  *Id.* at 691.  "Supervisor liability arises only 'when the supervisor personally participates in the allege constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.' " *Gross v. Jones*, No. 3:18-cv-594-J-39-PDB, 2018 WL 2416236, at *4 (M.D. Fla. May 29, 2018) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007)).

Consequently, "to impose § 1983 liability on a local government body, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the entity had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Scott v. Miami-Dade Cty.*, No. 13-CIV-23013-GAYLES, 2016 WL 9446132, at *3 (S.D. Fla. Dec. 13, 2016).  "A plaintiff seeking to impose Section 1983 liability on a municipality for the actions of a police officer must

identify an official policy or custom constituting the 'moving force' behind the constitutional violation." *Artuble v. Colonial Bank Grp., Inc.*, No. 8:08-cv-179-T-23-MAP, 2008 WL 3411785, at *8 (M.D. Fla. Aug. 8, 2008) (citing *Monell*, 436 U.S. at 694; *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)).

To demonstrate a policy or custom, "it is generally necessary to show a persistent and wide-spread practice; random acts or isolated incidents are insufficient." *Scott*, 2016 WL 9446132 at *4. The requisite causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation omitted). "Alternatively, the causal connection may be established when a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew the subordinates would act unlawfully and failed to stop them from doing so." *Id*. (internal quotation and citation omitted).

Plaintiff does not sufficiently identify any officially adopted or promulgated policy that caused an alleged Fourth Amendment violation in this case, nor does he allege any facts to support an inference that an official policy or custom caused a constitutional violation. He appears to assert that the City had a "custom" or "policy" of arresting Plaintiff himself, and he vaguely alleges that the "City" is the moving force behind the alleged constitutional violations. By doing so, Plaintiff conflates the custom or policy pleading requirement with the constitutional deprivation pleading requirement. His allegations are not sufficient – a more general custom or policy of the City must be asserted beyond arresting Plaintiff, along with a causal connection between the specifically identified custom or policy and the alleged constitutional deprivation. The

Court notes that allegations that the officers were acting under the color of state law and/or in compliance with the customs and policies of the City are not enough. *See Artuble*, 2008 WL 3411785, at *8.

In addition, Plaintiff does not sufficiently identify any prior incidents that would be sufficient to state a widespread policy or custom. Plaintiff takes issue with three distinct incidents relating to himself in this case. But alleging only things that happened to him cannot establish a pattern of violations that would give notice to a municipality of the need to conform to constitutional dictates. *See Knight through Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 820 (11th Cir. 2017). Although Plaintiff vaguely alludes to two prior arrests outside of the incidents at issue in this case, without more factual detail, the Court cannot conclude that these two prior arrests were anything other than isolated instances. Furthermore, although there is no bright-line rule for establishing a widespread custom or practice, it does not appear that two prior incidents, even if well-pleaded, would be enough.[3] *See Phillips v. Hillsborough Cty.*, No. 8:22-cv-1473-CEH-JSS, 2022 WL 3161705, at *2 (M.D. Fla. July 20, 2022), *report and recommendation adopted*, 2022 WL 5240783 (M.D. Fla. Oct. 6, 2022) (appeal pending); *Wilson v. Cook County*, 742 F.3d 775, 780 (7th Cir. 2014) (citations omitted).

Consequently, the Court will dismiss all *Monell* claims against the City. In an abundance of caution, the Court will grant leave to amend.

---

[3] The allegations of the second amended complaint would not appear to support single-incident liability. *See Fuqua v. Hess*, No. 3:16-cv-01510-HGD, 2017 WL 192760, at *6 (N.D. Ala. Jan. 18, 2017) (recognizing narrowness of single-incident exception and reluctance of Eleventh Circuit to extend liability beyond the Supreme Court's deadly force example).

Claims Against Mayor Hibbard

Plaintiff asserts several claims against Mayor Hibbard, in his individual capacity –
negligent retention (Count III), negligent supervision (Count VI), deliberate indifference
(Count X), and ratification (Count XI).  "It is well-established in this Circuit that
supervisory officials are not liable under § 1983 for the unconstitutional acts of their
subordinates on the basis of respondeat superior or vicarious liability." *Hartley v. Parnell*,
193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation and citation omitted).  Rather, to
establish a § 1983 claim against a supervisory official, a plaintiff must plead and prove
that the supervisor personally participated in the alleged unconstitutional conduct or that
there is a causal connection between the actions of the supervising official and the alleged
constitutional deprivation.  *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003).  The
necessary causal connection can be established through a "history of widespread abuse
that puts the responsible supervisor on notice of the need to correct the alleged
deprivation."  *Id.*  Alternatively, the causal connection may be established when the
supervisor's "custom or policy … result[s] in deliberate indifference to constitutional
rights" or when facts support "an inference that the supervisor directed the subordinates
to act unlawfully or knew that the subordinates would act unlawfully and failed to stop
them from doing so."  *Id.* (internal quotation omitted).

Plaintiff does not allege that Mayor Hibbard personally participated in his arrests.
Nor does he plead any facts to show that Mayor Hibbard had a custom or policy of
requiring or ratifying unconstitutional arrests by the City's officers, or that he directed the
City's officers to act unlawfully.

Moreover, Plaintiff has alleged that the City is governed by a "Council/Manager
form of government with the City Council serving as the governing body."  Under this

form of government, the city manager – and not the mayor – is the final policy
decisionmaker for the City's employment decisions as it would pertain to negligent hiring,
supervision, and retention claims. *See, e.g.*, *Triago v. City of Doral*, No. 13-24086-CIV-
COOKE, 2015 WL 11202636, at *1 (S.D. Fla. Sept. 30, 2015), *aff'd*, 663 F. App'x 871 (11th
Cir. 2016); *Burden v. City of Opa Locka*, No. 11-22018-CIV, 2012 WL 4764592, at *3 (S.D.
Fla. Oct. 7, 2012).

     Consequently, all claims against Mayor Hibbard are dismissed.  In an abundance of
caution, the Court will grant leave to amend.

<u>Counts I and II</u>

     In Count I, Plaintiff attempts to assert § 1983 false arrest claims against the City of
Clearwater, Officer Zarra, Officer Lambe, and Officer Dean.  In Count II, Plaintiff
attempts to assert § 1983 false imprisonment claims against the same.  It appears that the
false imprisonment claims are duplicative of the false arrest claims in this case.  *See*
*Rankin v. Evans*, 133 F.3d 1425, 1430 n.5 (11th Cir. 1998) (treating claim alleging both
false arrest and false imprisonment as one for false arrest because under Florida law,
"false arrest and false imprisonment are different labels for the same cause of action").
However, based on the limited factual assertions in the second amended complaint, it is
difficult to say with certainty.  As such, the Court will grant leave to amend so that
Plaintiff may clarify whether his false imprisonment claims are based solely on the fact of
his arrests, or whether there are any additional circumstances that justify separate and
distinct causes of action.  *See Smart v. City of Miami*, 107 F. Supp. 3d 1271, 1280 (S.D.
Fla. 2015).

     In addition, to state both a false arrest and false imprisonment claim under the
Fourth Amendment, a plaintiff must allege facts that would establish he was arrested

without probable cause. *See Rankin*, 133 F.3d at 1436 (11th Cir. 1998) ("[P]robable cause constitutes an absolute bar to both state and § 1983 claims alleging false arrest[.]"); *Smart*, 107 F. Supp. 3d at 1280 ("Where the claim is based on an officer's arrest and detention of the plaintiff, probable cause negates a claim for false-imprisonment too.") (quoting *Gomez v. Lozano*, 839 F. Supp. 2d 1309, 1317 (S.D. Fla. 2012)).

Plaintiff alleges, in conclusory fashion, that the three arrests were "unreasonable, warrantless, and made without probable cause." But he does not allege the factual circumstances of the arrests, other than identifying the arresting officer, the date of the arrest, and the offense charged. Although he mentions that the charges were ultimately dismissed by the Office of the State Attorney, that fact is irrelevant to the Court's analysis. *See Hernandez v. Wells*, No. 8:21-cv-1488-KKM-TGW, 2022 WL 1607190, at *5 (M.D. Fla. May 20, 2022) (holding the decision of the State Attorney's Office to abandon a charge to be immaterial for determining probable cause); *L.S.T., Inc. v. Crow*, 49 F.3d 679, 685 (11th Cir. 1995) ("The fact that all charges against the plaintiffs were eventually dismissed for one reason or another is of no consequence to [the determination of probable cause].") (quotation omitted). Plaintiff does not provide any facts to support his allegations that his arrests and criminal proceedings were improper.

Accordingly, Plaintiff fails to sufficiently state any false arrest or false imprisonment claims. Plaintiff has been given leave to file an amended complaint, and he may attempt to cure the defects identified by the Court as to Counts I and II, if he may do so in good faith.

Count III

In Count III, Plaintiff attempts to assert a § 1983 negligent retention claim against the City of Clearwater and Mayor Hibbard, in his individual capacity.[4]

"Under Florida law, negligent . . . retention occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigation, discharge, or reassignment." *Poulin v. Bush*, 650 F. Supp. 3d 1280, 1307 (M.D. Fla. Jan. 13, 2023) (quoting *Muegge v. Heritage Oaks Golf & Country Club, Inc.*, No. 8:05-cv-354-T-24-MAP, 2006 WL 1037096, at *8 (M.D. Fla. Apr. 19, 2006)).  To establish a § 1983 negligent retention claim, Plaintiff must establish the elements of common law negligent retention, along with a policy or custom that caused the deprivation of an individual's civil rights.  *See Ashley v. City of Hialeah*, No. 11-20490-CIV, 2011 WL 3236051, at *5 (S.D. Fla. July 28, 2011); *Monell*, 436 U.S. at 690.

Florida law limits the tort of negligent retention to an employee's acts committed *outside* the scope of employment.  *See Poulin,* 650 F. Supp. 3d at 1307 (citing *Buckler*, 680 F. App'x 831, 834 (11th Cir. 2017))*; Santillana v. Fla. State Court Sys.*, No. 6:09-cv-2095-Orl-19KRS, 2010 WL 271433, at *11 (M.D. Fla. Jan 14, 2010) (citing *Watson v. City of Hialeah*, 552 So. 2d 1146, 1148 (Fla. 3d DCA 1989)).  Although Plaintiff does not specifically allege whether the officers were acting within, or outside the scope of their employment, it appears undisputed that they were acting within the scope of employment (i.e., performing their job duties) during the times Plaintiff was arrested.  It therefore

---

[4] Although Defendants assert that "simple negligence" is not actionable under § 1983, negligent training, negligent supervision, and negligent retention appear to be generally cognizable federal claims, when adequately pleaded.

appears unlikely Plaintiff will be able to state any negligent retention claims against either the City or Mayor Hibbard.

In addition, Plaintiff does not plead any facts to show that the City of Clearwater should have been on notice as to any issues with any of the officers. The only specific facts alleged as to a particular officer, Officer Lambe, occurred *after* the arrest that forms the basis of Plaintiff's claim, and Plaintiff actually pleads that Officer Lambe was discharged (i.e., not retained) based on that conduct. It therefore appears that (1) the City could not have been on notice of any issues pertaining to Officer Lambe at the time of the conduct at issue since those issues arose after Plaintiff's arrest, and (2) when the City did learn of problems associated with Officer Lambe, it acted appropriately by discharging him.

Accordingly, Plaintiff fails to sufficiently state any negligent retention claims against the City or Mayor Hibbard. Plaintiff has been given leave to file an amended complaint, and he may attempt to cure the defects identified by the Court as to Count III, if he may do so in good faith.

<u>Count IV</u>

In Count IV, Plaintiff attempts to assert a § 1983 malicious prosecution claim against the City of Clearwater and Officer Dean, in his individual capacity.

To state a federal malicious prosecution claim, a plaintiff must allege: (1) the elements of common law malicious prosecution; and (2) a Fourth Amendment seizure violation. *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004), *abrogated on other grounds by Williams v. Aguirre*, 965 F.3d 1147 (11th Cir. 2020)). As to the second element, the Fourth Amendment seizure must occur after the judicial proceeding – a plaintiff's arrest cannot serve as the predicate deprivation because it occurred prior to the time of arraignment. *Id*. at 1235. Therefore, when the only constitutional violations

alleged relate to the plaintiff's seizure and warrantless arrest prior to the beginning of the judicial proceeding, a malicious prosecution claim fails. *Id.*; *C.P. by and through Perez v. Collier Cty.*, 145 F. Supp 3d 1085, 1093 (M.D. Fla. 2015).

Plaintiff vaguely pleads that Officer Dean "personally participated and invoked the malicious prosecution" and that he "improperly influenced the state attorney's office to prosecute [Plaintiff,]" but he does not plead any facts to support these allegations. He does not identify any acts committed by Officer Dean that occurred after Plaintiff's arraignment.

Accordingly, Plaintiff fails to sufficiently state any malicious prosecution claims against the City or Officer Dean. Plaintiff has been given leave to file an amended complaint, and he may attempt to cure the defects identified by the Court as to Count IV, if he may do so in good faith.

Count V

In Count V, Plaintiff attempts to assert a § 1983 "reckless indifference" claim against the City of Clearwater for failing to train or discipline Officers Dean, Zarra, and Lambe for Plaintiff's arrests. This claim appears to be redundant and duplicative of Plaintiff's other more specific constitutional claims in the second amended complaint, since he separately sets out negligent training, negligent supervision, and negligent retention claims in other counts.

The Court will therefore dismiss Count V. In an abundance of caution, the Court will grant leave to allow Plaintiff to assert a separate basis for "reckless indifference," if he may do so in good faith.

Count VI

In Count VI, Plaintiff attempts to assert a § 1983 negligent supervision claim against the City of Clearwater and Mayor Hibbard, in his individual capacity. A failure to supervise claim is similar to a failure to train claim. *Borton v. City of Dothan*, 734 F. Supp. 2d 1237, 1257 (M.D. Ala. Aug. 24, 2010). To establish municipal liability, a plaintiff must show that the failure to supervise is a widespread custom or policy "by demonstrating that the city's failure evidenced a deliberate indifference to the right[s] of its inhabitants." *Id.* (quoting *Gold*, 151 F. 3d at 1350). To prove deliberate indifference, a plaintiff must demonstrate that the municipality knew of a need to supervise in a particular area but made a deliberate choice to not take any action. *Id.* (citing *Gold*, 151 F.3d at 1350).

Plaintiff does not identify any specific deficiency in the City's supervision of the officers. *See Heid v. Rutkoski*, No. 6:20-cv-727-GKS-DCI, 2022 WL 1819096, at *5 (M.D. Fla. Mar. 29, 2022). In addition, Plaintiff does not allege that the City was on notice of any failure to supervise its officers, and he fails to identify any prior incidents outside of those alleged in this case. *See id.* Vague references to unidentified failures, policies, and customs are not enough to survive a motion to dismiss. *Id.*

Accordingly, Plaintiff fails to sufficiently state any negligent supervision claims against the City or Mayor Hibbard. Plaintiff has been given leave to file an amended complaint, and he may attempt to cure the defects identified by the Court as to Count VI, if he may do so in good faith.

Count VII

In Count VII, Plaintiff attempts to assert a § 1983 excessive force claim against the City of Clearwater and Officer Lambe, in his individual capacity.

Under the Fourth Amendment, an individual possesses the "right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). When considering whether the force used was reasonable, a court balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotation omitted).

To the extent Plaintiff alleges that any force used was illegal because the arrest was illegal, his claim fails. In the Eleventh Circuit, "a claim that any force in an illegal stop or arrest is excessive is subsumed into the illegal stop or arrest claim and is not a discrete excessive force claim." *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000) (citations omitted). This portion of the claim is therefore subsumed into Count I.

To the extent Plaintiff alleges that the amount of force used during the course of his arrest was excessive, he has not pled sufficient facts to support such an allegation. Plaintiff alleges that Officer Lambe pointed a firearm at Plaintiff before removing Plaintiff from his vehicle, "forcefully" placing him on his stomach on the ground, and handcuffing Plaintiff "tightly" behind his back. Plaintiff also alleges that he "lost the feeling" in his left hand. These facts, without more, are insufficient to state an excessive force claim. *See Brooks v. Blevins*, No. 4:19cv288-RH-MAF, 2020 WL 4283074, at * 2 (N.D. Fla. July 27, 2020) ("An allegation of tight handcuffing, without more, is insufficient to state a claim.").

Accordingly, Plaintiff fails to sufficiently state any excessive force claims against the City and Officer Lambe. Plaintiff has been given leave to file an amended complaint, and he may attempt to cure the defects identified by the Court as to Count VII, if he can do so in good faith.

<u>Count VIII</u>

In Count VIII, Plaintiff attempts to assert a § 1983 claim against the City and each individual officer based on an alleged violation of § 838.022(1)(a), *F.S.*, a Florida state criminal statute.

"The violation of a state statute does not automatically give rise to a violation of rights secured by the Constitution." *Crocker v. Hakes*, 616 F.2d 237, 239 n.2 (5th Cir. 1980). Furthermore, "[a] cause of action exists under state law only when a particular state's statutory or common law so declares." *Wilson v. Harrell*, 521 F. Supp. 3d 1165, 1168 (N.D. Fla. 2021) (citation omitted). No court has concluded that § 838.022(a) creates a private cause of action. *Id*. "When state law does not clearly recognize a cause of action on a particular theory, a claim brought on such a theory should be dismissed." *Id*. (citations omitted).

Consequently, Count VIII is dismissed with prejudice. The Court declines to grant leave to amend because amendment would be futile. *See id*. Any future amended complaints should not include this count.

<u>Count IX</u>

In Count IX, Plaintiff attempts to assert a § 1983 claim against the City of Clearwater based on alleged intentional infliction of emotional distress. But "Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law." *Laster v. City of Tampa Police Dept.*, 575 F. App'x 869, 872 (11th Cir. 2014). Plaintiff does not cite to any federal laws or constitutional provisions to support this claim. He cannot do so – an intentional infliction of emotional distress claim is not viable under § 1983. *See Rubin v. City of Miami Beach*, No. 19-20520-CIV-ALTONAGA/Goodman, 2019 WL 11470833, at *4 (S.D. Fla. Feb. 12, 2019) ("More

fundamentally, an intentional infliction of emotional distress claim under Section 1983 is not a viable claim for relief."). As such, his federal emotional distress claim is dismissed, without leave to amend. Any future amended complaints should not include this count.

Moreover, even if Plaintiff were proceeding under a state law theory rather than § 1983, his claim would be insufficient. Under Florida law, to establish intentional infliction of emotional distress, a plaintiff must plead and prove: "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe." *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990). "Outrageous conduct is conduct which is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* It is not enough that the defendant may have been motivated by malice. *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1319 (M.D. Fla. 2002).

Plaintiff vaguely alleges that he "suffers [e]xtreme [e]motional [d]istress" because he fears for his life has nightmares, is angry, cries, is confused, and is being treated for high blood pressure and post-traumatic stress. These allegations do not establish the requisite severity to state a claim. Moreover, the few factual allegations of this count – that Plaintiff was terminated as a volunteer with the Pinellas County Government and was "seized and thrown behind bars" – similarly do not satisfy the requisite outrageousness to state an emotional distress claim. "While being subject to false arrest is embarrassing, it is not sufficiently extreme and outrageous absent some other grievous conduct." *Frias v. Demings*, 823 F. Supp. 2d 1279, 1289 (M.D. Fla. 2011).

Accordingly, Plaintiff fails to sufficiently state any emotional distress claims under either federal or Florida law against the City. Plaintiff has been given leave to file an

amended complaint, and he may attempt to assert a state law emotional distress claim, if he can do so in good faith.

Count X

In Count X, Plaintiff attempts to assert a § 1983 "deliberate indifference" claim against the City of Clearwater and Mayor Hibbard, in his individual capacity. This claim appears to be redundant and duplicative of Plaintiff's other more specific constitutional claims in the second amended complaint pertaining to false arrest, false imprisonment, and excessive force.

The Court will therefore dismiss Count X. In an abundance of caution, the Court will grant leave to amend to allow Plaintiff to assert a separate basis for "deliberate indifference," if he can do so in good faith.

Count XI

In Count XI, Plaintiff attempts to assert a § 1983 "ratification" claim against the City of Clearwater and Mayor Hibbard, in his individual capacity. He appears to assert that the officers, while acting under the color of state law, deprived him of a Fourth Amendment right, and Mayor Hibbard subsequently ratified the conduct.

Plaintiff fails to adequately plead this claim. As discussed above, Plaintiff does not clearly identify any constitutional violations or widespread customs or policies. Moreover, this claim again appears to be duplicative of Plaintiff's other, more specific claims in the second amended complaint.

The Court will therefore dismiss Count XI. In an abundance of caution, the Court will grant leave to amend to allow Plaintiff to assert a separate basis for "ratification," if he can do so in good faith.

Count XII

In Count XII, Plaintiff attempts to assert a §1983 claim against the City of Clearwater based on an alleged pattern, practice, or custom of unlawful stop and frisks and/or search and seizures.

This claim appears to be redundant and duplicative of Plaintiff's other more specific constitutional claims in the second amended complaint – he references failing to train, supervise, or discipline.  To the extent that this claim is duplicative and redundant of Plaintiff's more specific negligent training, negligent supervision, and negligent retention claims, the Court is inclined to dismiss Count XII.

Plaintiff appears to allege that the City had a policy or custom of conducting illegal stop and frisks or searches and seizures.  But he also alleges that there was custom of "unlawful arrests" and of "charging [Plaintiff] for possession of illegal substances without finding any illegal substances."  This mixing of claims is confusing.  In addition, Plaintiff does not adequately allege that these policies were the moving force behind violations of Plaintiff's constitutional rights or that there was a widespread practice or custom because he does not sufficiently allege the factual circumstances of his arrests or any prior incidents outside of those alleged in this case.

The Court will therefore dismiss Count XII.  In an abundance of caution, the Court will grant leave to amend to allow Plaintiff to attempt to provide a separate basis for this claim so that it is not duplicative of his other claims.

Count XIII

In Count XIII, Plaintiff attempts to assert a § 1983 "harassment" claim against the City of Clearwater.

As previously noted, "[s]ection 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law." *Laster*, 575 F. App'x at 872. Plaintiff does not cite to any federal laws or constitutional provisions to support this "harassment" claim. Therefore, this claim, as pleaded, does not appear actionable under §1983.

In addition, this claim appears to be redundant and duplicative of Plaintiff's other more specific constitutional claims in the second amended complaint pertaining to false arrest, false imprisonment, and excessive force.

The Court will therefore dismiss Count XIII. In an abundance of caution, the Court will grant leave to amend to allow Plaintiff to assert a separate constitutional basis for "harassment," if he can do so in good faith.

<u>Count XIV</u>

In Count XIV, Plaintiff attempts to assert a § 1983 failure to train claim against the City of Clearwater.

A municipality may be held liable under § 1983 based on a failure to train its police officers. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). But it is only where the failure to train reflects a "deliberate" or "conscious" choice by the municipality that a city may be liable. *Id*. at 389. The United States Supreme Court has articulated that a "municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train" *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "Failure to train can amount to deliberate indifference when the need for more or different training is obvious … and when the failure to train is likely to result in the violation of a constitutional right." *Belcher v. City of Foley*, 30 F.3d 1390, 1397-98 (11th Cir. 1994). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary

to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62 (quoting *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997)). "To provide the notice of a need to train in a particular area that is necessary for deliberate indifference, prior constitutional violations must be similar in nature to the one made the basis of the suit." *Fuqua*, 2017 WL 192760, at *5 (citing *Weiland*, 792 F.3d at 1328; *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005)).

In the second amended complaint, Plaintiff does not specifically identify any specific issues regarding the training – or lack of training – of the City's police officers, or any facts related to training. He also does not allege that the City was on notice of any failure to train its officers, and he fails to identify any prior incidents outside of those alleged in this case.

Accordingly, Plaintiff fails to sufficiently state any negligent training claim against the City. Plaintiff has been given leave to file an amended complaint, and he may attempt to cure the defects identified by the Court as to Count XIV, if he can do so in good faith.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Motion to Dismiss Second Amended Complaint and Incorporated Legal Memorandum" (Doc. 29) is **GRANTED IN PART**.

(2) Counts I, II, III, IV, V, VI, VII, IX, X, XI, XII, XIII, and XIV of the second amended complaint (Doc. 28) are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(3) Count VIII is **DISMISSED WITH PREJUDICE**. Any future amended complaints should not include this count.

(4) The motion is otherwise **DENIED**.

(5) Plaintiff is directed to file an amended complaint, if he may do so in good faith, to cure the defects identified in this Order on or before March 19, 2024.  Failure to file an amended complaint as directed will result in this Order becoming a final judgment.  *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

(6) In light of the Court's ruling on the motion to dismiss, and the fact that the Court is granting leave to amend, Plaintiff's "Motion for Leave to File Third Amended Complaint" (Doc. 33) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of February, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**