**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN HOLMES, JR.,

Plaintiff,

v. Case No. 8:23-cv-1380-TPB-SPF

CITY OF CLEARWATER, et al.,

Defendants.
_______________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT" AND GRANTING PLAINTIFF'S "MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT"**

This matter is before the Court on "Defendants' Motion to Dismiss Third Amended Complaint and Incorporated Legal Memorandum," filed on March 22, 2024. (Doc. 38). Plaintiff John Holmes, Jr. filed a response in opposition on April 11, 2024, along with a motion seeking leave to file a fourth amended complaint. (Docs. 39; 40; 41). After reviewing the motions, response, court file, and the record, the Court finds as follows:

**Background**

According to Plaintiff John Holmes, Jr., he was illegally arrested by officers with the Clearwater Police Department on several occasions. Plaintiff claims that on October 14, 2020, Officer Shante Dean arrested him for possession of cocaine, but the charge was subsequently dismissed by the State Attorney's Office. He claims that on November 21, 2020, Officer Christian Zarra arrested him for possession of

cocaine, but that charge was also dismissed by the State Attorney's Office.  Finally, Plaintiff alleges that on August 22, 2020, Officer Jason Lambe arrested him for child neglect and grand theft motor vehicle, but those charges were also dismissed by the State Attorney's Office.

The Court previously dismissed Plaintiff's second amended complaint as a shotgun pleading and for failure to state a claim.  (Doc. 35).  On March 22, 2024, Plaintiff filed his third amended complaint.  (Doc. 36).  In his eight-count third amended complaint, which spans 54 pages, Plaintiff sues the City of Clearwater under 28 U.S.C. § 1983 for alleged constitutional violations.  He also sues Officer Dean, Officer Zarra, Officer Lambe, and Mayor Frank Hibbard in their individual capacities based on their roles in the events.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233

(M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

A district court must generally permit a plaintiff at least one opportunity to amend a complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "Implicit in such a repleading order is the notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (internal quotations and citation omitted).

## Analysis

Defendants argue that Plaintiff has failed to address the deficiencies previously identified by this Court in its prior Order – namely, the third amended complaint remains a shotgun pleading and fails to state a claim upon which relief may be granted. The Court agrees.

The Court previously dismissed Plaintiff's second amended complaint because, among other things, it (1) did not separate out each cause of action or claim for relief into different counts, (2) improperly combined *Monell*[1] claims against the City with claims seeking to impose liability on the individual officers and the mayor (2) failed to state any claims for relief. In his third amended complaint, Plaintiff failed to cure the defects specifically identified by the Court.

For instance, in Count I, Plaintiff again asserts a § 1983 false arrest claim against the City of Clearwater, Officer Zarra, Officer Lambe, and Officer Dean. As the Court previously explained, each of the arrests complained of in this count occurred on a different date, was based on separate conduct, and resulted in different charges. The improper mixing of claims makes it impossible for Defendants to respond appropriately and present defenses, and for the Court to appropriately adjudicate this case. Although Plaintiff was specifically directed to separate out his claims related to the different arrests into separate counts against each defendant, he has completely failed to do so.

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

The Court also pointed out several issues concerning the *Monell* claims against the City.  In his third amended complaint, Plaintiff continues to mix *Monell* claims with claims against individuals, making it impossible for Defendants to respond.  In addition, Plaintiff still does not sufficiently identify any officially adopted or promulgated policies that violated his rights, conflating the custom or policy pleading requirement with the constitutional deprivation pleading requirement.  He also does not sufficiently identify any prior incidents that would support his allegation of a widespread policy or custom, only identifying five of his own arrests, three of which are at issue in this case and therefore could not be considered prior incidents.

Plaintiff has had an opportunity to cure these pleading deficiencies but failed to do so.  *See Jackson*, 898 F.3d at 1358; *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).  Even though he again requested leave to amend, Plaintiff did not attach a copy of his proposed fourth amended complaint.  And although he asserts that he now wishes to make *some* of the specific modifications previously directed by the Court, he does not reference the many other required changes meticulously detailed in the Court's prior order, particularly those pertaining to the insufficient *Monell* claims.

In an abundance of caution, due to Plaintiff's *pro se* status, the Court will grant one final opportunity to amend.  Plaintiff is required to cure the defects in

this Order and the Court's prior Order dated February 26, 2024. Failure to do so may result in the dismissal of this case with prejudice.

**The Court notes that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If he is unable to afford counsel, he should consider the resources available to pro se litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist pro se litigants proceeding in federal court, which is located on the Court's website.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion to Dismiss Third Amended Complaint and Incorporated Legal Memorandum" (Doc. 38) is hereby **GRANTED IN PART** and **DENIED IN PART.**
2. The motion is **GRANTED** to the extent that Plaintiff's third amended complaint is dismissed.
3. The motion is **DENIED** to the extent Defendants seek dismissal of the third amended complaint with prejudice.
4. Plaintiff's "Motion for Leave to File Fourth Amended Complaint" (Doc. 39) is **GRANTED**.

5. On or before May 14, 2024, Plaintiff is **DIRECTED** to file a fourth amended complaint that cures the deficiencies identified by the Court in this Order and in the Order dated February 26, 2024. Failure to cure the defects may result in the dismissal of this case with prejudice. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 23rd day of April, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE